UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CASE NO.

MARY DIANE JACKSON,

      Plaintiff,

v.

MSC CRUISES, S.A.,

      Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff MARY DIANE JACKSON, by and through the undersigned counsel, files this Complaint against Defendant MSC CRUISES, S.A., a foreign corporation with its principal place of business in Florida, and alleges:

## JURISDICTION, VENUE AND PARTIES

1. This is an action for damages in excess of seventy-five thousand ($75,000.00) dollars, exclusive of interest and costs.

2. Plaintiff, MARY DIANE JACKSON, is *sui juris* and is a permanent resident and citizen of Alberta, Canada.

3. Defendant MSC CRUISES, S.A. ("MSC") is a foreign corporation with its principal place of business in Ft. Lauderdale, Broward County, Florida. For federal jurisdictional purposes, MSC is a citizen of Florida.

4. This court has subject matter jurisdiction in admiralty, pursuant to 28 U.S.C. § 1333. The events and injuries alleged below occurred on a vessel located in navigable waters and

arose out of a traditional maritime activity, the operation of a passenger cruise vessel.

5. At all material times, the Defendant has had its principal place of business in Florida and has conducted ongoing substantial and not isolated business activities in Broward County, Florida, creating continuous and systematic contacts with the State of Florida, so that *in personam* jurisdiction exists in the United States District Court for the Southern District of Florida.

6. At all material times, the Defendant has engaged in the business of operating maritime cruise vessels for paying passengers, including the Plaintiff.

7. In the operative ticket contract, the Defendant requires fare paying passengers such as the Plaintiff to bring any lawsuit against Defendant arising out of injuries or events occurring on the cruise voyage in this federal judicial district.

8. Venue is also proper in this district because the Defendant's principal place of business, Broward County, Florida, is located within this district.

9. The Plaintiff has complied with all conditions precedent to bringing this action. The Plaintiff reported the accident to the ship's medical crew shortly after it occurred, and written medical records were prepared onboard the ship. Furthermore, the Plaintiff gave the Defendant by letter a timely written notice of claim on February 6, 2023, as required by the ticket contract, a copy of which is attached hereto as "Exhibit 1."

### **LIABILITY AND DAMAGE ALLEGATIONS**

10. At all material times, the Defendant was engaged in the business of operating maritime cruise vessels for fare paying passengers and for this purpose operated, among other vessels, the "SEASCAPE."

11. At all material times, the Defendant operated, managed, maintained and was in exclusive control of the "SEASCAPE."

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

12.     At all material times, including the injury date of December 31, 2022, the Plaintiff was a fare paying passenger aboard the "SEASCAPE" and in that capacity was lawfully present aboard the vessel.

13.     On December 31, 2022, at approximately 7:15 p.m., while on board the "SEASCAPE" as a fare paying passenger of the Defendant, the Plaintiff was walking near and toward the elevator by the spa on Deck 8 when a wet, slippery, transitory, and/or foreign substance present on the deck surface caused her to slip and fall.

14.     As a direct and proximate result of the slip and fall described above, the Plaintiff was injured in and about her body and extremities, sustaining injuries including, but not limited to, a fractured left elbow, suffered pain therefrom, sustained mental anguish, disfigurement, disability, aggravation or activation of preexisting conditions, and the inability to lead a normal life. Furthermore, she sustained loss of earnings and a loss of earning capacity in the past and future, and incurred medical, hospital, and other out of pocket and health care expenses in the past and future as a result of his injuries, the future medical damages being reasonably certain to occur. These damages are permanent or continuing in their nature and the Plaintiff will continue to sustain and incur these damages in the future.

15.     At all material times, Defendant had actual and/or constructive notice of repeated safety issues giving rise to a propensity for slips and falls on similar areas and floor surfaces onboard the SEASCAPE and other similar vessels in the "Seaside" class and "Seaside EVO" subclass[1] from prior incidents, including, without limitation, the following incidents:

      a.   On April 23, 2023, M.R., a passenger onboard the MSC Seascape, slipped and

---

[1] Vessel "classes" are referred to a group of ships of the same basic design. The Seaside class of MSC vessels includes four vessels: MSC Seaside (2017), MSC Seaview (2018), MSC Seashore (2021), and MSC Seascape (2022). The Seaside EVO subclass includes the MSC Seashore and the MSC Seascape vessels.

fell near the on a wet floor surface near the elevators. *See Rolfs v. MSC Cruises, S.A.*, Case No. 24-20695-DSL. Similar to the circumstances here, M.R. slipped and fell near the elevators, on the same or substantially similar floor surface as Plaintiff, and due to a wet surface.

b. On September 8, 2022, M.G., a passenger onboard the MSC Seashore (a vessel in the same class and subclass as the Seascape), slipped and fell slipped and fell "on an unreasonably wet, slippery and/or hazardous condition after exiting the elevators, forward side, on Deck 8…" *See Guerra v. MSC Cruises, S.A.*, Case No. 23-23366-Civ-Scola. Similar to the circumcision herein, M.G. slipped and fell near the elevators on Deck 8, on the same or substantially similar floor surface as Plaintiff, and due to a wet/slippery surface condition.

c. On December 3, 2021, F.W., a passenger onboard the MSC Seashore (a vessel in the same class and subclass as the Seascape), slipped and fell on an unreasonably slippery substance and/or hazardous flooring condition upon exiting an elevator. *See Wray v. MSC Cruises*, Case No. 22-cv-20504-ALTMAN/Reid. Similar to the circumcision herein, F.W. slipped and fell near the elevators, on the same or substantially similar floor surface as Plaintiff, and due to a wet/slippery surface condition.

## <u>COUNT I - NEGLIGENT MAINTENANCE</u>
### (Direct Liability)

16. Plaintiff adopts, realleges, and incorporates by reference all allegations of Paragraphs 1 through 15 above and further alleges the following matters.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

17. At all material times, Defendant MSC owed Plaintiff, as a fare paying passenger, a duty of reasonable care for her safety, including a duty to maintain its vessel, including the floor surface in the area where Plaintiff slipped and fell, in a reasonably safe condition.

18. At all material times, there existed a dangerous condition on the floor surface of Deck 8 that caused the Plaintiff to slip and fall as described in Paragraph 13, to wit: a wet, slippery, transitory, and/or foreign substance.

19. At all material times, Defendant knew, or in the exercise of reasonable care, should have known of the dangerous condition of the floor surface where Plaintiff slipped and fell due to prior substantially similar incidents as alleged in paragraph 15.

20. At all material times, Defendant knew or, in the exercise of reasonable care, should have known of the dangerous condition described in the preceding paragraph due to its proximity to numerous highly trafficked areas, including the elevators and spa. Defendant had appeared to place a crewmember in the area, who was near enough to approach the Plaintiff while she was still on the floor, and start wiping the floor around her.

21. Alternatively, at all material times, the Defendant knew, or in the exercise of reasonable care, should have known of the dangerous condition because it existed for a sufficient amount of time, evidenced by its size and location, to invite remedial measures before Plaintiff's slip and fall.

22. On December 31, 2022, Defendant MSC breached its duty to Plaintiff by failing to take reasonable safety measures to maintain the floor described in Paragraph 13, where Plaintiff slipped and fell, in a reasonably safe condition and was thereby negligent, in one or more of the following ways:

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

a. Failing to maintain the floor surface of the walkway where Plaintiff slipped and fell in a reasonably safe condition so as to prevent slip and fall hazards.

b. Failing to use non-skid strips, slip resistant paint, or mats on the subject walkway to prevent slip and falls from occurring.

c. Failing to inspect the floor surface of the walkway where Plaintiff slipped and fell to ensure adequate slip resistance.

d. Failing to use a floor surface in the area where Plaintiff slipped and fell that would provide adequate slip resistance to prevent slip and falls from occurring.

e. Failing in a timely manner to remove, cordon off or otherwise ameliorate the hazard posed by the wet, slippery, transitory, or foreign substance that accumulated on the floor surface.

f. Failing to prevent wet, slippery, transitory, and/or foreign substances from accumulating on the walkway where Plaintiff slipped and fell.

g. Failing to inspect, clean, and/or maintain the floor surface of the walkway where Plaintiff slipped, in a dry and/or clean condition.

h. Failing to conduct frequent, timely, or adequate inspections of exterior deck where Plaintiff slipped and fell to identify or detect potential slip and fall hazards such as the wet, slippery, transitory, or foreign substance on the floor.

i. Failing to implement and/or enforce adequate policies and procedures to ensure that the floor surface of Deck 8 near the elevators and spa was safe so as to prevent slips and falls from occurring.

j. Failing to staff and deploy a sufficient number of personnel to implement and enforce adequate policies and procedures to ensure that the floor surface of

6

Deck 8 near the elevators and spa was safe so as to prevent slip and falls from occurring.

k.  Failing to adequately train its crewmembers to maintain the floor surface in the area where Plaintiff slipped and fell, and adjacent areas, free of slip and fall hazards.

l.  Failing to adequately drain excess water deriving from the aquatic attractions in proximity to the area where Plaintiff slipped and fell.

23.     As a direct and proximate result of one or more of the Defendant's negligent acts as described above, the Plaintiff slipped and fell as alleged in Paragraph 13 above and has thereby sustained and will continue in the future to sustain the damages alleged in Paragraph 14 above.

**WHEREFORE,** Plaintiff demands judgment against Defendant MSC for compensatory damages, interest and the costs of this action and further demands trial by jury of all issues so triable as of right.

<u>**COUNT II - NEGLIGENT FAILURE TO WARN**</u>
**(Direct Liability)**

24.     Plaintiff adopts, realleges, and incorporates by reference all allegations of Paragraphs 1 through 15 above and further alleges the following matters.

25.     At all material times, Defendant MSC owed the Plaintiff, as a fare paying passenger, a duty to warn passengers of hazards of which it knew or should have known in the exercise of reasonable care its passengers may reasonably be expected to encounter on the vessel.

26.     At all material times, there existed a dangerous condition on the floor surface of Deck 8 that caused the Plaintiff to slip and fall as described in Paragraph 13, to wit: a wet, slippery, transitory, and/or foreign substance.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

27.     At all material times, Defendant knew, or in the exercise of reasonable care, should have known of the dangerous condition of the floor surface where Plaintiff slipped and fell due to prior substantially similar incidents as alleged in paragraph 15.

28.     At all material times, Defendant knew or, in the exercise of reasonable care, should have known of the dangerous condition described in the preceding paragraph due to its proximity to numerous highly trafficked areas, including the elevators and spa. Defendant had appeared to place a crewmember in the area, who was near enough to identify and warn passengers of the dangerous condition, given its proximity to numerous highly trafficked areas, including the elevators and spa.

29.     Alternatively, at all material times, the Defendant knew, or in the exercise of reasonable care, should have known of the dangerous condition because it existed for a sufficient amount of time, evidenced by its size, to invite remedial measures as seen in the picture below that was taken on behalf of the Plaintiff shortly after her slip and fall which accurately reflects the condition at the time of incident.

30.     The slipperiness of the area was not open and obvious. Plaintiff identified a large puddle and attempted to step to the side of it, but still slipped and fell as there was no indication that the area to the side of the puddle would also be unreasonably slippery.

31.     On December 31, 2022, Defendant MSC breached its duty to Plaintiff by failing to warn of the condition of the floor surface, including the area described in Paragraph 13 where Plaintiff slipped and fell, and was thereby negligent, in one or more of the following ways:

a.  Failing to warn of the wet, slippery, transitory, and/or foreign substance on the floor through written or orally delivered warnings.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

    b.  Failing to cordon off the floor surface in the area where Plaintiff slipped and fell pending its cleaning and/or drying to prevent slip and falls from occurring.

    c.  Failing timely to redirect passengers away from the dangerous condition on the floor surface described in Paragraphs 13 and 14 above, to prevent slips and falls from occurring.

    d.  Failing to place appropriate signage, markings, and/or placement of cones near the wet, slippery, transitory, and/or foreign substance on the floor.

32.    As a direct and proximate result of one or more of the Defendant's negligent acts as described above, the Plaintiff slipped and fell as alleged in Paragraph 13 above and has thereby sustained and will continue in the future to sustain the damages alleged in Paragraph 15 above.

**WHEREFORE,** Plaintiff demands judgment against Defendant MSC for compensatory damages, interest and the costs of this action and further demands trial by jury of all issues so triable as of right.

### COUNT III - NEGLIGENT MAINTENANCE
**(Vicarious Liability)**

33.    Plaintiff adopts, realleges, and incorporates by reference all allegations of Paragraphs 1 through 15 above and further alleges the following matters.

34.    At all material times, Defendant MSC's personnel assigned to maintain and/or clean surface of Deck 8 near the elevators and spa owed Plaintiff, as a fare paying passenger, a duty of reasonable care for her safety, including a duty to maintain the floor surface of MSC's vessel where Plaintiff slipped and fell, in a reasonably safe condition.

35.    At all material times, Defendant MSC was vicariously liable for the negligent acts and/or omissions of its crewmembers, agents, representatives, employees, and/or staff, who were

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

acting in furtherance of the business of MSC's "SEASCAPE" by maintaining and/or cleaning the surface of Deck 8 near the elevators and spa at the time of the incident described in Paragraph 13.

36.     At all material times, Defendant MSC's personnel who were responsible for maintaining, cleaning, and inspecting the area on Deck 8 near the elevators and spa, at the time and place described in Paragraph 13, onboard MSC's "SEASCAPE," were negligent in one or more of the following ways:

a.  Failing to maintain the floor surface of the surface of Deck 8 near the elevators and spa where Plaintiff slipped and fell in a reasonably safe condition so as to prevent slip and fall hazards.

b.  Failing to inspect the floor surface where Plaintiff slipped and fell to ensure adequate slip resistance.

c.  Failing in a timely manner to remove, cordon off or otherwise ameliorate the hazard posed by the wet, slippery, transitory, or foreign substance that accumulated on the floor surface.

d.  Failing to prevent wet, slippery, transitory, and/or foreign substances from accumulating on the surface of Deck 8 near the elevators and spa where Plaintiff slipped and fell.

e.  Failing to inspect, clean, and/or maintain the floor surface of Deck 8 near the elevators and spa where Plaintiff slipped, in a dry and/or clean condition.

f.  Failing to conduct frequent, timely, or adequate inspections of the surface of Deck 8 near the elevators and spa where Plaintiff slipped and fell to identify or detect potential slip and fall hazards such as the wet, slippery, transitory, or foreign substance on the floor.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

37.     The negligent acts and/or omissions of Defendant MSC's personnel assigned to maintain and/or clean the area of Deck 8 at the time and place described in Paragraph 13, as alleged in the preceding paragraph, occurred while those crewmembers, agents, employees, and/or staff were engaged in furtherance of the business of Defendant MSC's "SEASCAPE," that being the maintenance and cleaning of the surface of Deck 8 near the elevators and spa.

38.     As a direct and proximate result of one or more of the negligent acts or omissions of Defendant MSC's personnel assigned to maintain and/or clean the surface of Deck 8 near the elevators and spa of the "SEASCAPE," for which Defendant is vicariously liable as alleged above, the Plaintiff slipped and fell as alleged in Paragraph 13 and has thereby sustained and will continue in the future to sustain the damages alleged in Paragraph 14 above.

**WHEREFORE,** Plaintiff demands judgment against Defendant MSC for compensatory damages, interest and the costs of this action and further demands trial by jury of all issues so triable as of right.

## COUNT IV – NEGLIGENT FAILURE TO WARN
### (Vicarious Liability)

39.     Plaintiff adopts, realleges, and incorporates by reference all allegations of Paragraphs 1 through 15 above and further alleges the following matters.

40.     At all material times, Defendant MSC's personnel assigned to maintain and/or clean the surface of Deck 8 near the elevators and spa at the time of the incident described in Paragraph 13, owed Plaintiff, as a fare paying passenger, a duty of reasonable care for his safety, including a duty to warn passengers of hazards of which they knew or should have known in the exercise of reasonable care that passengers may reasonably be expected to encounter in areas they were assigned to perform their employment duties.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

41.     At all material times, Defendant MSC was vicariously liable for the negligent acts and/or omissions of its crewmembers, agents, representatives, employees, and/or staff, who were acting in furtherance of the business of MSC's "SEASCAPE" by maintaining and/or cleaning the surface of Deck 8 near the elevators and spa, at the time and place described in Paragraph 13.

42.     At all material times, Defendant MSC's personnel who were responsible for maintaining, cleaning, and inspecting the walkway described in Paragraph 13, onboard MSC's "SEASCAPE," were negligent in one or more of the following ways:

a.  Failing to warn of the dangerous condition through written or orally delivered warnings.

b.  Failing to cordon off the floor surface in the area of Deck 8 where Plaintiff slipped and fell to prevent slip and falls from occurring.

c.  Failing to place appropriate signage, markings, and/or cones near the dangerous condition.

43.     The negligent acts and/or omissions of Defendant MSC's personnel assigned to maintain and/or clean the area of Deck 8 at the time and place described in Paragraph 13, as alleged in the preceding paragraph, occurred while those crewmembers, agents, employees, and/or staff were engaged in furtherance of the business of Defendant MSC's "SEASCAPE," that being the maintenance and cleaning of the surface of Deck 8 near the elevators and spa.

44.     The slipperiness of the area was not open and obvious. Plaintiff identified a large puddle and attempted to step to the side of it, but still slipped and fell as there was no indication that the area to the side of the puddle would also be unreasonably slippery.

45.     As a direct and proximate result of one or more of the negligent acts or omissions of Defendant MSC's personnel assigned to maintain and/or clean the surface of Deck 8 near the

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

elevators and spa of the "SEASCAPE" as alleged above, for which the Defendant is vicariously liable as alleged above, the Plaintiff slipped and fell as alleged in Paragraph 13 and has thereby sustained and will continue in the future to sustain the damages alleged in Paragraph 14 above.

**WHEREFORE,** Plaintiff demands judgment against Defendant MSC for compensatory damages, interest and the costs of this action and further demands trial by jury of all issues so triable as of right.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff hereby demands trial by jury of all issues so triable as of right.

Dated: April 24, 2024

**s/ *Elsa De Lima***
ELSA DE LIMA
Florida Bar No. 1004973
edelima@gslawusa.com
filing@gslawusa.com
NICHOLAS I. GERSON
Florida Bar No. 0020899
ngerson@gslawusa.com
filing@gslawusa.com
PHILIP M. GERSON
Florida Bar No. 127290
pgerson@gslawusa.com
EDWARD S. SCHWARTZ
Florida Bar No. 346721
eschwartz@gslawusa.com
DAVID MARKEL
Florida Bar No. 78306
dmarkel@gslawusa.com
STEPHEN P. MATHENY
Florida Bar No. 1049813
smatheny@gslawusa.com
GERSON & SCHWARTZ, P.A.
1980 Coral Way
Miami, FL 33145-2624
Telephone:     (305) 371-6000
Facsimile:     (305) 371-5749

*Attorneys for Plaintiff*

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com