UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-60689-CIV-DAMIAN

MARY DIANE JACKSON,

      Plaintiff,

v.

MSC CRUISE, S.A.,

      Defendant.

_____/

### ORDER GRANTING DEFENDANT'S MOTION TO DISMISS COUNTS III AND IV OF PLAINTIFF'S COMPLAINT [ECF NO. 6]

**THIS CAUSE** is before the Court on Defendant, MSC Cruises, S.A.'s ("MSC"), Motion to Dismiss Counts III and IV of Plaintiff's Complaint, filed September 13, 2024. [ECF No. 6 (the "Motion")].

THE COURT has considered the Motion, the parties' memoranda [ECF Nos. 10 and 11], the pertinent portions of the record, including the Complaint [ECF No. 1], and all relevant authorities and is otherwise fully advised in the premises. For the reasons that follow, the Court grants the Motion.

### I. BACKGROUND

In this lawsuit, Plaintiff, Mary Diane Jackson, alleges MSC is liable for injuries she sustained on December 31, 2022, as a passenger aboard the MSC cruise ship the *Seascape*. *See* Compl. at ¶ 12. Jackson filed her Complaint on April 24, 2024, asserting four causes of action through four different theories of negligence. [ECF No. 1]. Counts I and II are brought under a theory of MSC's direct liability, while Counts III and IV are brought under a theory of MSC's vicarious liability. *See id.*

Because MSC's Motion was brought pursuant to Federal Rule of Civil Procedure 12(b)(6), this Court accepts the allegations of the Complaint as true and construes them in the light most favorable to the Plaintiff. *Holland v. Carnival Corp.*, 50 F.4th 1088, n.1 (11th Cir. 2022) (citing *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1335 (11th Cir. 2012)). In the Complaint, Jackson alleges that she was walking near and toward the elevator by the spa on Deck 8 at approximately 7:15 p.m. when a "wet, slippery transitory, and/or foreign substance present on the deck surface caused her to slip and fall[.]"[1] *See* Compl. ¶ 13. Jackson alleges she sustained injuries of a fractured left elbow and mental anguish and disfigurement, in addition to unspecified "aggravation or activation of preexisting conditions[.]" *Id.* ¶¶ 14.

In the Motion, MSC argues that Jackson fails to properly plead a negligence action sounding in vicarious liability in Counts III-IV, citing *Holland v. Carnival Corp.*, 50 F.4th 1088, 1093-1094 (11th Cir. 2022), and *Britt v. Carnival Corporation*, 580 F.Supp.3d 1211, 1213 (S.D. Fla. 2021) (Moore, C.J.). *See generally* Mot. In response, Jackson contends that, in order to plead vicarious liability against a cruise carrier, a plaintiff need not identify the responsible crewmembers by name (as opposed to identifying them by their position or task on the ship), and that a plaintiff in her situation may bring claims under both direct liability and vicarious liability theories. *See generally* Resp. In reply, MSC reiterates that there is nothing in the Complaint that would support finding vicarious liability. *See generally* Reply.

The Motion is fully briefed and ripe for adjudication.

## II. LEGAL STANDARD

"To survive a motion to dismiss [under Federal Rule of Civil Procedure 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief

---

[1] This Court will refer to this substance as "the puddle."

that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A pleading withstands a motion to dismiss if it alleges "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). This pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). When considering a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and take the factual allegations as true. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (citing *SEC v. ESM Grp., Inc.*, 835 F.2d 270, 272 (11th Cir. 1988)).

Federal Rule of Civil Procedure 8(a)(2) also requires that a pleading contain a "short and plain statement of the claim" showing the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). The complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (cleaned up).

### III. DISCUSSION

To maintain a claim for vicarious liability, a plaintiff must show that an employee committed a negligent act: "(1) within the scope of employment, or (2) during the course of employment and to further a purpose or interest of the employer." *Carey v. Kirk*, 21-20408-CIV, 2022 WL 17996027, at *7 (S.D. Fla. Sept. 2, 2022) (Martinez, J.) (citing *Valeo v. East Cost Furniture Co.*, 95 So. 3d 921, 925 (Fla. 4th DCA 2012)).

MSC argues that Jackson's vicarious liability claims fail at the onset because they do not allege a specific crew member whose actions MSC could be vicariously liable for. Mot. at 4-6. Citing several Eleventh Circuit cases that include discussions of vicarious liability (and

several district court cases citing to these discussions), MSC asserts that Jackson is therefore limited to a theory of direct liability. *See, e.g.*, *Holland*, 50 F.4th at 1097 ("Holland has not identified any specific Carnival employee's negligent action that caused his fall. And nothing in *Yusko* [*v. NCL (Bahamas), Ltd.*, 4 F.4th 1164 (11th Cir. 2021)] suggests that Holland can . . . [assert] claims for vicarious liability [by] asserting in a conclusory allegation that Carnival was vicariously liable for any negligent action by any of its crewmembers.").

This Court agrees that Jackson has not identified any specific MSC employee's negligent action that caused her fall. Although the Eleventh Circuit makes clear in *Yusko* that a plaintiff may plead a negligence claim under either a theory of direct liability, vicarious liability, or both, it does not guarantee that both sets of theories are always available to a cruise ship plaintiff asserting claims of negligence.

Jackson maintains that *Holland* permits identification of a group of crewmembers, which she avers she has done by identifying a group of crewmembers via their role on the vessel rather than their names. Resp. at 4-6. However, Jackson's description of "MSC's personnel assigned to maintain and/or clean surface [sic] of Deck 8 near the elevators and spa[,]" (Compl. ¶¶ 34, 40) is too conclusory to satisfy basic pleading requirements. Jackson's vague description of a hypothetical class of crewmembers does not adequately allege these crewmembers' role and is devoid of any facts showing Jackson knows (or has reason to believe) that any specific crewmembers fulfilling these capacities exist and were negligent with respect to a puddle on the evening of December 31, 2022. If such vague allegations were sufficient, any claim could theoretically be one for vicarious liability, because a company can only act through its employees.

4

In those cases where courts in this District have found that plaintiffs successfully pled vicarious liability claims in negligence cases against cruise lines, those plaintiffs identified a single responsible employee, even if not by name, and the negligent act(s) attributable to them. *See Hunter v. Carnival Corp.*, 609 F. Supp. 3d 1305, 1309–12 (S.D. Fla. 2022) (Altonaga, J.) (claim based on specific cabin steward's failure to secure bunk bed ladder); *Swain v. Carnival Corp.*, 23-22973-CIV, 2024 WL 552196, at *3 (S.D. Fla. Feb. 12, 2024) (Scola, J.) (allegation that "one Carnival security guard in particular was nearby, throughout the entirety of the encounter and failed to intervene in [an] attack"). This is consistent with *Yusko* itself, wherein a single allegedly negligent dancer was pled to have caused the plaintiff's injuries. Here, however, Manzy's claim "involve[s] the conduct of multiple individual agents of the principal, not identifiable to the plaintiff at the outset of the case[,]" and therefore is exactly the sort of claim that must be brought under a theory of direct liability if pled in such a manner. *Mathis v. Classica Cruise Operator Ltd. Inc.*, 23-CV-81479, 2024 WL 1430508, at *5 (S.D. Fla. Apr. 1, 2024) (McCabe, Mag. J.), *report and recommendation adopted*, 23-81479-CIV, 2024 WL 3616006 (S.D. Fla. Aug. 1, 2024) (Cannon, J.). Courts in our District have consistently interpreted *Yusko* as "recognizing that a plaintiff will not always be able to plead a vicarious liability claim plausibly and in good faith." *Branyon v. Carnival Corp.*, 24-CV-20576, 2024 WL 3103313, at *4 (S.D. Fla. June 24, 2024) (Altman, J.) (quoting *Hunter v. Carnival Corp.*, 609 F. Supp. 3d 1305, 1310 (S.D. Fla. 2022) (Altonaga, J.) (quotations omitted)). This is a circumstance in which a plaintiff is unable to do so.

Accordingly, the Motion is due to be granted as to Counts III and IV.

## IV. CONCLUSION

For the reasons set forth above, this Court finds that Plaintiff, Mary Diane Jackson, has brought claims under a vicarious liability theory, but has not pled sufficient facts to support such a theory. For this reason, Counts III and IV of the Amended Complaint fail to state a claim and must be dismissed.

However, it is possible that a more carefully drafted pleading might establish a theory of MSC's vicarious liability if Plaintiff is aware of facts that could cure the deficiencies discussed above. "Generally, where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." *Bryant v. Dupree,* 252 F.3d 1161, 1163 (11th Cir. 2001) (cleaned up).

Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss Counts III and IV of Plaintiff's Complaint **[ECF No. 6]** is **GRANTED**. Counts III and IV of the Complaint are **DISMISSED WITHOUT PREJUDICE**. In the event Plaintiff intends to file an Amended Complaint, she shall do so **within fourteen (14) days** of the date of this Order. If Plaintiff does not file an Amended Complaint, Defendant shall file its Answer to the Complaint no later than **November 4, 2024**.

**DONE AND ORDERED** in Chambers in the Southern District of Florida, this 7th day of October, 2024.

_____
**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**

6