IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CASE NO.: 24-cv-60689-MD

MARY DIANE JACKSON,

     Plaintiff,

v.

MSC CRUISES, S.A.,

     Defendant.

_____/

## **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

Defendant, MSC Cruises S.A. (hereinafter "Defendant" or "MSC"), herby files its Answer and Affirmative Defenses to Plaintiff's Complaint and Demand for Jury Trial [D.E. 1] as to Counts I and II only, and states as follows:

## **JURISDICTION, VENUE AND PARTIES**

1. Admitted that this purports to be an action against MSC, but denied that any damages exist or that damages exceed $75,000. All else is denied.

2. Unknown, and therefore denied.

3. Admitted only that MSC is a foreign corporation with its principal place of business and headquarters in Geneva, Switzerland. Except as admitted, denied.

4. For purposes of this lawsuit, MSC does not contest jurisdiction and admits the court has subject matter jurisdiction. All else is denied.

5. Denied. For purposes of this lawsuit, MSC does not contest jurisdiction.

6. Admitted for purposes of this lawsuit only that MSC may be deemed to be the operator of the *MSC Seascape.*

7. Admitted only that pursuant to the terms of the Passenger Ticket Contract, any dispute arising out of a guest's cruise shall be brought in, and be subject to the exclusive jurisdiction of the U.S. District Court for the Southern District of Florida. Accept as admitted denied.

8. Denied.

9. Denied.

## LIABILITY AND DAMAGE ALLEGATIONS

10. Admitted for purposes of this lawsuit only that MSC may be deemed to be the operator of the *MSC Seascape*. All else is denied.

11. Admitted for purposes of this lawsuit only that MSC may be deemed to be the operator of the *MSC Seascape.* All else is denied.

12. Admitted only that Plaintiff was a passenger aboard the *MSC Seascape* at or about the times alleged in the Complaint. Except as admitted, denied.

13. Denied.

14. Denied.

15. Denied, including all subparts (a-c).

## COUNT I

16. Defendant hereby adopts and re-alleges each and every answer in paragraphs 1-15 above.

17. Defendant admits only that MSC owed a duty of reasonable care under the circumstances while Plaintiff was a passenger onboard the subject vessel, but denied that MSC breached such duty. Further, all else is denied as this paragraph calls for a legal conclusion rather than a factual admission.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied, including all subparts (a-l).

23. Denied.

The WHEREFORE CLAUSE is denied. Denied that Plaintiff is entitled to a jury trial.

## COUNT II

24. Defendant hereby adopts and re-alleges each and every answer in paragraphs 1-15 above.

25. Defendant admits only that MSC owed a duty of reasonable care under the circumstances while Plaintiff was a passenger onboard the subject vessel, but denied that MSC breached such duty. Further, all else is denied as this paragraph calls for a legal conclusion rather than a factual admission.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied, including all subparts (a-d).

32. Denied.

The WHEREFORE CLAUSE is denied. Denied that Plaintiff is entitled to a jury trial.

## COUNT III

According to this Court's Order [D.E. 12] dated October 7, 2024, Count III for Negligent Maintenance (Vicarious Liability) has been dismissed.

## COUNT IV

According to this Court's Order [D.E. 12] dated October 7, 2024, Count III for Negligent Failure to Warn (Vicarious Liability) has been dismissed.

## AFFIRMATIVE DEFENSES

As separate and complete defenses, based on information and belief, MSC asserts and states as follows:

## FIRST AFFIRMATIVE DEFENSE

The General Maritime Law of the United States governs; therefore, Plaintiff's claims and any recovery is limited thereby.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff did not exercise ordinary care or caution and failed to keep a proper and sufficient lookout to avoid the events or circumstances which caused her alleged injuries, damages, or losses, the existence of which MSC specifically denies; and that Plaintiff's own failure to exercise such care was the direct and proximate cause of the injuries, damages and/or losses allegedly sustained by Plaintiff.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's negligence was the sole, proximate cause of her alleged injuries, if any, the existence of which the MSC specifically denies.

## FOURTH AFFIRMATIVE DEFENSE

The incident and injuries alleged by Plaintiff, the existence of which MSC specifically denies, were the result of superseding, intervening, and/or unforeseeable causes from which MSC had no duty to protect Plaintiff.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff failed to act timely and reasonably and/or failed to exercise due care in order to minimize or mitigate  damages.

## SIXTH AFFIRMATIVE DEFENSE

The damages allegedly suffered by Plaintiff, the existence of which MSC specifically denies, were not the result of any act or omission on the part of the MSC, but were caused by Plaintiff's pre-existing injuries and/or other trauma or illness suffered by the Plaintiff during lifetime. To the extent MSC is liable for aggravating any pre-existing injury, illness or condition, which MSC specifically denies, Plaintiff's damages should only be for an amount commensurate with the degree that said pre-existing injury, illness or condition was aggravated by the conduct or omission of the MSC.

## SEVENTH AFFIRMATIVE DEFENSE

As a result of the conduct, acts or omissions of Plaintiff, as asserted in the Affirmative Defenses above, Plaintiff is estopped from claiming the damages alleged in the Amended Complaint.

## EIGHTH AFFIRMATIVE DEFENSE

The dangerous conditions alleged in the Amended Complaint, the existence of which MSC specifically denies, were apparent, open and obvious to the passengers of the subject vessel, including Plaintiff, and should have been observed by Plaintiff in the ordinary use of  senses.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff had actual knowledge and/or notice of all dangerous conditions alleged in the Amended Complaint, the existence of which MSC specifically denies, and should have realized

and appreciated the potential for injury as a result of such alleged conditions; and, having a reasonable opportunity to avoid it, consciously and voluntarily exposed herself to same.

## TENTH AFFIRMATIVE DEFENSE

The alleged injuries or damages suffered by Plaintiff, the existence of which MSC specifically denies, were caused entirely by the actions and/or omissions of third parties for whom MSC has no responsibility or liability.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff failed to seek timely and/or appropriate medical treatment for the injuries alleged in the Amended Complaint, the existence of which MSC specifically denies, and such failure exacerbated any such injuries to the extent that any award of damages to Plaintiff must be proportionately reduced accordingly.

## TWELFTH AFFIRMATIVE DEFENSE

MSC has no legal responsibility for the damages or injuries alleged by Plaintiff in the Amended Complaint, the existence of which MSC specifically denies; however, in the event that the MSC is held liable, any liability being specifically denied by the MSC, such liability will be due in whole or in part to the breach of warranty, acts, omissions, activities, failures, recklessness or negligence of others. Accordingly, any recovery by Plaintiff against the MSC should be reduced in proportion to the respective negligence, fault, or responsibility of all other parties, persons, or entities, including their agents, servants, representatives, or employees who contributed to or caused any injury or damages to Plaintiff, if any, in accordance with the law governing comparative fault.

## THIRTEENTH AFFIRMATIVE DEFENSE

MSC's liability, if any, must be reduced by the comparative amount of liability and/or fault

attributable to the Plaintiff for the reasons set forth in the preceding and subsequent affirmative defenses.

### FOURTEENTH AFFIRMATIVE DEFENSE

MSC did not have notice of the existence of the dangerous conditions alleged in the Amended Complaint, the existence of which MSC specifically denies, and therefore MSC did not have a duty to warn Plaintiff as to the existence of same.

### FIFTEENTH AFFIRMATIVE DEFENSE

MSC fully discharged its duties to all passengers aboard the subject vessel, including Plaintiff, by warning of any and all dangers and/or conditions unique to the vessel, if any.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's damages should be limited to those that are reasonable and necessary based on all relevant evidence, including amounts billed, amounts paid, and any expert testimony or other relevant evidence pertaining to past medical damages.

### SEVENTEENTH AFFIRMATIVE DEFENSE

This action is governed by, and subject to, the terms, limitations and conditions contained within the Passenger Ticket Contract, and MSC adopts and incorporates same, in its entirety, into this Answer by reference.

### EIGHTEENTH AFFIRMATIVE DEFENSE

As set forth in the Passenger Ticket Contract, Plaintiff's claims are governed by admiralty/maritime law, and/or this court's admiralty jurisdiction, and therefore Plaintiff has no right to a jury trial and all disputes are to be tried without a jury.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted.

*Holland v. Carnival Corp.*, 50 F.4th 1088 (11th Cir. 2022)

## **TWENTY-FIRST AFFIRMATIVE DEFENSE**

MSC asserts that it did not have notice of an alleged unreasonably dangerous or defective condition.

**WHEREFORE**, having answered the Complaint and asserted affirmative defenses, MSC Cruises, S.A demands judgment in its favor and against Plaintiff, along with all costs and attorney's fees available pursuant to the Federal Rules of Civil Procedure.

Dated: November 4, 2024
Miami, Florida

Respectfully submitted,
MALTZMAN & PARTNERS, P.A.

By:         /s/ *Mathew C. Renik*
Jeffrey B. Maltzman, Esq.
Florida Bar No. 48860
jeffreym@maltzmanpartners.com
Steve Holman, Esq.
Florida Bar No. 547840
steveh@maltzmanpartners.com
Mathew C. Renik, Esq.
Florida Bar No. 1038908
mattr@maltzmanpartners.com
55 Miracle Mile, Suite 300
Coral Gables, FL 33134
Tel: 305-779-5665
Fax: 305-779-5664
*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing was electronically filed with the Clerk of the Court via CM/ECF on this 4th day of November 2024. I also certify that the foregoing was served on all counsel or parties of record on the attached Service List either via transmission of Notices

of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel

or parties who are not authorized to receive electronic Notices of Filing.

By: /s/ *Mathew C. Renik*
Mathew C. Renik, Esq.
Florida Bar No. 1038908

**SERVICE LIST**
**CASE NO.: 24-cv-60689-MD**

| | |
|---|---|
| Nicholas I. Gerson, Esq.<br>ngerson@gslawusa.com<br>filing@gslawusa.com<br>Philip M. Gerson, Esq.<br>pgerson@gslawusa.com<br>Edward S. Schwartz, Esq.<br>eschwartz@gslawusa.com<br>David Markel, Esq.<br>dmarkel@gslawusa.com<br>GERSON & SCHWARTZ, P.A.<br>1980 Coral Way<br>Miami, FL 33145<br>Phone: (305) 371-6000<br>Fax: (305) 371-5749<br>*Attorneys for Plaintiff* | Jeffrey B. Maltzman, Esq.<br>jeffreym@maltzmanpartners.com<br>Steve Holman, Esq.<br>steveh@maltzmanpartners.com<br>Mathew C. Renik, Esq.<br>mattr@maltzmanpartners.com<br>MALTZMAN & PARTNERS, P.A.<br>55 Miracle Mile, Suite 300<br>Coral Gables, FL  33134<br>Phone: 305-779-5665<br>Fax: 305-779-5664<br>*Attorneys for Defendant* |